# Exhibit A

7/17/2025 10:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 103249533
By: Christopher Matthews
Filed: 7/17/2025 10:29 AM

## 2025-49648 / Court: 127

Cause No. _____

| | | |
|---|---|---|
| Jocelyn Esperanza Berges, | § | In the District Court |
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | _____ Judicial District |
| | § | |
| KIN, Inc. d/b/a KOHL'S, Tomball Crossings | § | |
| 1693, LLC and Kimco Realty Corporation, | § | |
| | § | |
| *Defendants* | § | Harris County, Texas |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff Jocelyn Esperanza Berges ("Plaintiff") complains of Defendant KIN, Inc. d/b/a

KOHL'S, Defendant Tomball Crossings 1693, LLC and Defendant Kimco Realty Corporation

("Defendants") and would respectfully show the Court that:

### I.
### Discovery Control Plan

1.1      Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of

Civil Procedure.

### II.
### Jurisdiction and Venue

2.1      The claims asserted arise under the common law of Texas. This Court has jurisdiction and

venue is proper because all or a substantial part of the events or omissions giving rise to the claim

occurred in Harris County, Texas.

### III.
### Statement Regarding Monetary Relief Sought

3.1      Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief over

$250,000.00 but less than $1,000,000.00, including damages of any kind, penalties, costs,

expenses, pre-judgment interest, and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## IV.
### Parties

4.1    Plaintiff Jocelyn Esperanza Berges is an individual who resides in Harris County, Texas.

4.2    Defendant KIN, Inc. d/b/a KOHL'S is a foreign corporation doing business in the State of Texas and may be served with process by serving its registered agent: Corporate Creations Network, Inc., 5444 Westheimer, #1000, Houston, Texas 77056.

4.3    Defendant Tomball Crossings 1693, LLC is a domestic limited liability company doing business in the State of Texas and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.4    Defendant Kimco Realty Corporation is a foreign corporation doing business in the State of Texas and may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

4.5    In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such name is a "misnomer" and/or such parties are/were "alter egos" of parties named herein. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification. If any of the above-named Defendants are conducting business pursuant to a trade name or assumed name, then suit is brought against them pursuant to Texas Rules of Civil Procedure 28, and Plaintiffs hereby demand that upon answering this suit they answer in their correct legal name and assumed name.

2

## V.
## Facts

5.1     The events giving rise to this cause of action occurred on or about December 12, 2023. At

that time, Plaintiff was an invitee on the premises of Defendants' Kohl's retail storefront located

at  22529 Tomball Parkway/State Highway 249, Tomball, Texas 77377.

5.2     As Plaintiff made her way into the Kohl's store she tripped due to a defect in the pavement

just outside the store. Plaintiff fell to the ground and was injured as a result of the defect.

5.3     Defendants owned and or operated the premises at the time of Plaintiff's fall.

## VI.
## Negligence of Defendants

6.1     Defendants are liable to Plaintiff under the theory of premises liability and negligence, but

is not limited to, the following:

    a.     Negligently allowing the premises to become dangerous;

    b.     Negligently permitting the dangerous conditions to exist;

    c.     Failing to keep the premises in a reasonably safe condition by keeping the floor free
        of slippery conditions, substances and/or debris;

    d.     Failing to inspect the premises to discovery the existence of slippery conditions,
        substances and/or debris on the floor;

    e.     Failing to correct the condition by taking reasonable measure to safeguard customers
        who enter the premises;

    f.     Failing to give adequate warning of the existence of the dangerous condition, despite
        the fact that the Defendants, their agents, servants, and/or their employees knew, or
        in the exercise of ordinary care, should have known of the existence of the dangerous
        conditions and their potential for injury; and

3

g.    Other acts and omissions constituting negligence.

6.2    Plaintiff will show that, based on the above-described facts, Defendants owed Plaintiff a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

6.3    Plaintiff will show that, based on the above-described facts, Defendants were negligent. Defendants, as occupier and owner of the premises with control over the premises, owed Plaintiff a duty to warn and make safe the defective condition existing on Defendants' premises. Furthermore, Plaintiff was an invitee at the time of injury. Defendants owed a duty to exercise ordinary care to keep the premises in a reasonable safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

6.4    As a result of Defendants' negligent acts and/or omissions, whether taken singularly, or in any combination, was a proximate cause of Plaintiff's injuries and damages.

## VII.
## Damages

7.1    By virtue of the actions and conduct of the Defendants set forth above, Plaintiff was seriously injured and is entitled to recover the following damages:

a.    Past and future medical expenses;

b.    Past and future pain, suffering and mental anguish;

c.    Past and future physical impairment;

d.    Past and future physical disfigurement;

e.    Past lost wages and future loss of earning capacity; and

f.    All other damages allowed by law and equity.

4

7.2    For the above reasons, Plaintiff is entitled to recover damages from the Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court as well as pre- and post-judgment interest.

## VIII.
### Jury Demand

8.1    Plaintiff hereby demands a trial by jury and pays the appropriate jury fee.

## IX.
### Required Disclosures

9.1    Pursuant to Texas Rules of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## X.
### Rule 193.7 Notice

10.1    Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## XI.
### Prayer

11.1    Plaintiff prays that this cause be set for trial before a jury, that she recover judgment of and from Defendant for the actual damages in such amount as the evidence may show and the jury may determine to be proper, together with prejudgment interest, post-judgment interest, costs of court, and such other and further relief to which Plaintiff is justly entitled.

## [SIGNATURE BLOCK FOLLOWS ON NEXT PAGE]

Respectfully submitted,

**HUYNH LAW, PLLC**

*/s/ Sarah Y-Nhi Huynh*
SARAH Y-NHI HUYNH
SBN: 24092558
shuynh@huynhlaw.com
PAVEL "PAUL" SAVINOV
SBN: 24086698
savinov@huynhlaw.com
MICHAEL ALVAREZ
SBN: 24068754
malvarez@huynhlaw.com
JAY M. TAYLOR
SBN: 24053506
jtaylor@huynhlaw.com
6100 Corporate Drive, Suite 110
Houston, Texas 77036
Tel.: (281) 702-8128
Fax: (281) 712-7170
E-Service E-mail: eservice@huynhlaw.com

**AND**

**THE LAW OFFICES OF HILDA L. SIBRIAN, P.C.**

*/s/ Hilda Leonor Sibrian*
HILDA LEONOR SIBRIAN
SBN: 24043920
litigation@sibrianlaw.com
846 North Loop
Houston, Texas 77009

**ATTORNEYS FOR PLAINTIFF**

6